Maetih, J.
delivered the opinion of the court.
This is an action against the defendant as indorser of three drafts or cheeks drawn by the cashier of the Commercial and Railroad Bank of Vicksburg, the 18th May, 1838, payable to the order of Challes Remington, the 1st May, 1839, and addressed to the cashier of the Girard Bank of Philadelphia; “acceptance waived.” They were indorsed by the payee and the present defendant, and protested on the 4'th May, 1839, at maturity, for nonpayment.
The defendant pleaded the general issue, and specially denied that he was liable to pay said drafts for want of legal notice. There was judgment for the defendant, and the plaintiffs appealed.
The sole question which this ease presents relates to the regularity of notice given to the indorser of several drafts, of their dishonor. The notices were sent in a letter addressed to him at Vicksburg, the place at which the drafts were drawn. It does not appear that he ever resided there. The testimony shows that he formerly resided in Nashville, Tennessee, but that in May, 1838, he gave public notice of his intention to remove Ms residence to New Orleans; and that he has been in JVew Orleans for the last two years. The notary’s clerk testifies that, he “ made inquiry as to the place of residence of the defendant but was unable to obtain any information about it, *7 although he made diligent inquiries and endeavored to find out his resi- [4] dence.” The defendant has introduced several witnesses who depose that he is well known in the city of Philadelphia where he has considerable dealings with several large houses; that he deals largely in exchange, and they believe that on application to any of the banks of that city, the place of his residence might have been easily ascertained.
The judge who tried this case, was of opinion that sufficient diligence does not appear to have been used; that it does not suffice to assert it in general terms; and that some particular facts must be shown to enable the court to decide, whether there has been proper diligence; otherwise the case must be dicided on the mere opinion of the witnesses. It does not appear to us that the judge of the commercial court erred.
It is therefore ordered, adjudged and decreed, that the judgment of the commercial court be affirmed with costs.